**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER M. CHRISTY,

        Petitioner,

v.                                                CASE NO. 05-CV-74390-DT

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

Petitioner Christopher M. Christy, a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, in the Macomb County Circuit Court in 2002 and was sentenced to 22 ½ to 40 years imprisonment. In his pleadings, Petitioner raises claims concerning the factual basis for his plea, the voluntariness of his plea and the effectiveness of trial counsel, and the timeliness of his state appellate action. For the reasons stated, the court denies the petition for a writ of habeas corpus with prejudice.

---

[1] At the time he instituted this action, Petitioner was confined at the St. Louis Correctional Facility in St. Louis, Michigan where Respondent is the warden.

1

## II. BACKGROUND

Petitioner's conviction arises from the beating death of Joseph Gianzante on April 12, 2002 in Warren, Michigan. Petitioner was originally charged with first-degree murder but agreed to plead guilty to the lesser offense of second-degree murder. There was no sentencing agreement. The plea hearing was held on August 20, 2002. At that hearing, Petitioner set forth the factual basis for his plea as follows:

> On 4/12/02 in the City of Warren, Macomb County, Michigan, after a night of drinking with my uncle, I got into an argument with Joseph Gianzante. The argument escalated into a fight and I punched and kicked him in the face and head while he was on the ground. I knew I hurt him badly and I remember asking my uncle to call 911. I know that the beating and kicking exposed Mr. Gianzante to the risk of great bodily harm or death. I understand that he died as a result of his injuries.

8/20/02 Plea Hrg. Tr. p. 12.

At that hearing, the parties also discussed the terms of the plea bargain and the fact that there was no sentencing agreement. Petitioner stated that he was 24 years old and could read, write and understand English, was not under the influence of any mind-altering substances, had consulted with counsel, and was satisfied with counsel's advice. Petitioner stated that he understood the plea bargain, understood that he faced a "substantial prison term" of up to life imprisonment, and believed that it was in his best interest to take the plea rather than risk conviction of first-degree murder and life in prison with no possibility of parole. Petitioner indicated that no other promises or threats had been made to induce him to plead guilty and that he was pleading guilty of his own free will. *Id.* at pp. 6-11. The trial court accepted the plea, finding it to be knowing, intelligent, and voluntary, as well as factually sound.

Petitioner's sentencing guideline range was determined to be 13 ½ years to 22 ½

2

years imprisonment. On October 12, 2002, the trial court sentenced Petitioner within that range to a term of 22 ½ years to 40 years imprisonment.

Following sentencing, Petitioner filed a motion to withdraw his plea with the state trial court challenging the factual basis for his plea, as well as voluntariness of the plea and the effectiveness of defense counsel. The trial court conducted a hearing on the matter and denied the motion on November 17, 2003.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was initially rejected as untimely. Upon rehearing, however, the court denied the application for lack of merit in the grounds presented. *See People v. Christy*, No. 252636 (Mich. Ct. App. June 2, 2004). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Christy*, 471 Mich. 951, 690 N.W.2d 106 (2004).

Petitioner thereafter submitted his federal petition for a writ of habeas corpus, asserting the following claims:

> I. His plea was involuntarily entered since the factual basis demonstrated self-defense or voluntary manslaughter rather than murder.
>
> II. His plea was involuntarily entered since it was based on the mis-advice of counsel as to the sentence he would face.
>
> III. His application for leave to appeal in the Michigan Court of Appeals was timely filed.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

## III. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413);

4

*see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

5

## IV. DISCUSSION

### A. Factual Basis for Plea Claim

Petitioner first contends that he is entitled to habeas relief because the trial court failed to establish a proper factual basis for accepting his guilty plea. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. As discussed *infra*, Petitioner's guilty plea satisfies this requirement. Habeas relief is therefore not warranted on this claim.

### B. Involuntary Plea/Ineffective Assistance of Counsel Claim

Petitioner next contends that he is entitled to habeas relief because his plea was involuntary due to the ineffective assistance of defense counsel. Specifically, Petitioner

6

asserts that counsel erroneously advised him that his sentence under the sentencing guidelines would be 13 ½ years to 22 ½ years imprisonment, rather than informing him that the calculated range only governed his possible minimum sentence under those guidelines. Petitioner states that he pleaded guilty based upon counsel's erroneous advice.

The state trial court denied relief on this issue finding that Petitioner had been properly advised about the sentencing consequences of his plea. *See* 11/17/03 Hrg. Tr., pp. 8-11. The Michigan Court of Appeals denied leave to appeal for lack of merit, but did not specifically address this issue. Accordingly, this court must conduct an independent review of the state court's decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* This independent review "is not a full, *de novo* review, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by

7

considering all of the relevant circumstances surrounding it." *Id.* at 749.  The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756.  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary.  Petitioner was 24 years old at the time of his plea and there is no evidence in the record of any mental or psychological problems which would have impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel, conferred with counsel during the plea process, and indicated that he was satisfied with counsel's advice.  The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty.  The parties agreed that there was no sentencing agreement and the court informed Petitioner that the maximum possible sentence for second-degree murder was life imprisonment.  Petitioner acknowledged that he faced a "substantial prison term" but believed that it was in his best interest to take to the plea rather than risk a first-degree murder conviction and sentence of life imprisonment without the possibility of parole.  Petitioner stated that he was pleading guilty of his own free will and had not been coerced or threatened.  He also indicated that no promises, other than those contained in the plea agreement, had been made to him to induce him to plead guilty.  *See* 8/20/02 Plea Hrg. Tr. pp. 6-13.

Petitioner's assertion that his plea was not knowing and voluntary is belied by

8

the record. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

Petitioner asserts that defense counsel was ineffective for misadvising him as to sentencing. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must

then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner has not shown that defense counsel misadvised him. Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). Consequently, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the plea does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id.*; *see also Curry v. United States*, 39 Fed. Appx. 993, 994 (6th Cir. 2002); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669-70 (E.D. Mich. 2002). The record shows that the trial court properly informed Petitioner about the sentencing consequences of his plea, including that there was no sentencing agreement and that the maximum possible sentence was life imprisonment. The trial court made no further promises to Petitioner at the time of the plea. Petitioner acknowledged that he faced a substantial prison term with a plea for second-degree murder and that he was taking

the plea to avoid a possible conviction for first-degree murder and a life sentence with no possibility of parole. Given these circumstances, Petitioner has failed to show that defense counsel was ineffective and/or that he was prejudiced by counsel's advice so as to render his plea involuntary. The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Habeas relief is not warranted on this claim.

### C. Timeliness of State Appeal Claim

Lastly, Petitioner appears to raise a claim concerning the timeliness of his state appellate pleadings. Whether the Michigan Court of Appeals initially erred in determining the timeliness of his state court pleadings, however, is not a cognizable issue on federal habeas review. It is well-settled that habeas relief is unavailable for perceived state law errors. *See, e.g., Estelle*, 502 U.S. 67-68. Moreover, the record indicates that the Michigan Court of Appeals ultimately reviewed Petitioner's delayed application for leave to appeal and denied it for lack of merit. Further, this court has not based its decision on any state court procedural default. Habeas relief is not warranted on this claim.

## V. CONCLUSION

For the reasons stated, the court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 6, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522