**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER M. CHRISTY,

        Petitioner,

v.                                          Case No. 05-CV-74390-DT

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY**

Petitioner Christopher M. Christy has filed a notice of appeal concerning the court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal the court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by

1

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having reviewed the matter, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to the claims contained in his petition. First, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). A violation of a state law procedural rule does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Second, Petitioner has not shown that his plea was involuntary under the standard set forth in *Brady v. United States*, 397 U.S. 742, 748-55 (1970). He has not presented evidence to contradict statements in the plea transcripts nor offered corroborating evidence to support his assertion that he was misled about his plea. The record reveals that Petitioner was aware of the possible consequences of his plea. The fact that Petitioner hoped for more lenient treatment does not render his plea unknowing or involuntary. *Id.* at 757; *see also Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Petitioner has also not established that trial counsel was ineffective under *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985), and *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The record does not support Petitioner's claim that counsel misadvised him.

The trial court's plea colloquy cured any misunderstandings Petitioner may have had about his plea. See Ramos, 170 F.3d at 565.

Third, the Michigan Court of Appeals' determination regarding the timeliness of Petitioner's state court pleadings is a state law issue which is not cognizable on federal habeas review. See Estelle, 502 U.S. 67-68. Furthermore, the court ultimately denied leave to appeal for lack of merit in the grounds presented. Petitioner has thus failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly,

IT IS SO ORDERED that the court DECLINES to issue a certificate of appealability.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 19, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522